No. 13,945.

BROWN ET AL. *v.* FENTON ET AL.
(... P. [2d] ...)

Decided June 8, 1936.

Mr. Sidney P. Godsman, Mr. Paul P. Prosser, Attorney General, Mr. J. Glenn Donaldson, Assistant, for plaintiffs in error.

No appearance for defendants in error.

*In Department.*

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell delivered the opinion of the court.

These parties are hereinafter referred to by name. Fenton brought this suit in ejectment, in county court, against Gulden, Brown and Charles E. Gulden, to recover possession of a quarter section of land and damages for wrongful detention. Jones was substituted for Charles E. Gulden as successor in interest. The answer admitted Fenton's ownership and right of possession; denied ouster and damages; alleged that Jones owned the tract adjoining Fenton on the north, subject to a mortgage to Brown; that Gulden was in possession thereof; that the boundaries of the tracts were in dispute; set out numerous landowners who would be affected by their establishment; and demanded that these be made parties and the disputed boundaries established by a surveyor appointed by the court. Thereupon the cause was transferred to the district court and many of the parties named, including the state, appeared. There were additional complaints and answers and numerous demurrers, unnecessary here to specify. The questions raised by these were the sufficiency of the facts to require a survey, misjoinder of parties and misjoinder of causes of action. Such of these demurrers were sustained and overruled as resulted in eliminating all the parties save the original plaintiff and defendants, and by specific order the cause

proceeded as a simple action for possession and damages. The additional parties here appearing elected to stand on their pleadings and judgment was accordingly entered decreeing plaintiff to be the owner of the tract claimed and awarding him costs. To review that judgment this writ is prosecuted. The assignment bears the signature of counsel for the plaintiffs in error but the thirty-seven page brief is not signed by counsel for the people, and Mr. Louis Vogt, who represented Fenton below, contents himself with a letter to the clerk of this court stating his reasons for not appearing. The thirteen assignments of error are very properly condensed in counsel's brief into three questions and these might better be consolidated into a single one, i. e., In an action for possession of a quarter section of land, where ownership and right of possession are admitted, is it permissible to defend on the sole ground of disputed boundaries and convert the cause into one for a survey of the lands of all persons presumably concerned, involving a survey of approximately half a township and the conflicting interests of countless parties?

The contention of counsel for defendant is that an equitable defense is permissible in a law action. That it is may be admitted, but this is not the question here. As soon as defendants answered it clearly appeared that there was no matter in dispute. Fenton merely claimed that he was the owner and entitled to possession of the S. E. ¼ of sec. 15 Tp. 9 N., R. 45 W. of the 6th P. M. He offered no evidence to show that he was ousted or sustained any damage. His ownership and right of possession were admitted. The judgment gave him nothing he had not already. It clearly appears from this record that the only question was one of disputed boundaries. Apparently it still exists and must be determined in an appropriate action. No question is here presented of equitable defenses to a law action. The question is one of the complete conversion of an action, prima facie one at law but which in fact had no real

existence, into a simple equitable procedure for the determination of disputed boundaries. The complaint presented no action which could be so converted. It called for no relief to which the alleged equitable defenses could possibly be an answer. Admitting everything claimed by the state and the numerous parties who were eliminated by the court they are wholly unaffected by this judgment hence have no cause of complaint. Fenton gets nothing save what he already had and Brown, Jones and Gulden lose nothing they claimed.

The judgment is affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND concur.